UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **ED CV 25-2806-JFW(AS)**                                    Date:  October 29, 2025

Title:     Manuel Suy-Tol -v- Kristi Noem, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
          None                                                                  None

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [filed 10/27/2025; Docket No. 6]

On October 23, 2025, Petitioner Manuel Suy-Tol (""Petitioner") filed a Petition for Writ of Habeas Corpus against U.S. Secretary of Homeland Security Kristi Noem; Acting Director of the Los Angeles Field Office of ICE Ernesto Santacruz, Jr.; U.S. Department of Homeland Security ("DHS"); U.S. Attorney General Pamela Bondi; Executive Office for Immigration Review ("EOIR"); and Acting Warden of the Adelanto ICE Processing Center Mark Bowen (collectively, "Respondents"). Petitioner, who has been charged with being present in the United States without admission and therefore removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), is in ICE custody pending removal proceedings.  He seeks a writ of habeas corpus requiring that he be released from custody unless Respondents provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a).

On October 27, 2025, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("Application").  On October 28, 2025, Respondents filed their Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering Petitioner's Application and Respondents' Opposition, and the arguments therein, the Court rules as follows:

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. He is currently in ICE custody pending removal proceedings. At the time of his arrest, Petitioner alleges that he was peacefully residing in the United States for over 20 years. After being detained, Petitioner requested a bond hearing before an immigration judge. The immigration judge denied the request on the grounds that he lacked jurisdiction to consider the request because Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

The immigration judge's decision is consistent with a recent DHS policy issued on July 8, 2025 that instructs ICE employees to consider anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Pursuant to section 1225(b)(2)(A), "applicants for admission" who are "seeking admission" are subject to mandatory detention. The Board of Immigration Appeals ("BIA") recently addressed this issue in its order issued on September 5, 2025 in *Matter of Jonathan Javier Yajure Hurtado*, 29 I&N Dec. 216(BIA) 2025, which is binding on all immigration judges. The BIA, consistent with the recent DHS policy, held that immigration judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission, because such individuals are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a) and are thus ineligible to be released on bond.

Prior to the new policy, a non-citizen, like Petitioner, who is charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled, was considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole.

Petitioner argues that his ongoing detention without a bond hearing violates 8 U.S.C. § 1226(a); DHS and EOIR's bond regulations; and his Fifth Amendment right to Due Process. In his Application, Petitioner seeks a temporary restraining order ("TRO") requiring Respondents to release him from custody or to provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of issuance of an Order.

Respondents oppose Petitioner's Application, arguing in relevant part that: (1) the Court lacks jurisdiction to review Petitioner's claims under 8 U.S.C. § 1252; (2) Petitioner fails to demonstrate a likelihood of success on the merits because, under the plain text of 8 U.S.C. § 1225, Petitioner must be detained pending the outcome of his removal proceedings; and (3) the balance of hardships favors Respondents.

## II.    LEGAL STANDARD

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met. *Id.* at 1132.

If the Court issues a TRO, it must also issue an Order to Show Cause why a preliminary injunction should not issue. *See* Local Rule 65-1.

### III. DISCUSSION

The Court concludes that Petitioner has demonstrated that he is entitled to the requested TRO. Numerous federal courts, including five in this District, have addressed the same legal issues presented here and have granted the petitioners' requests for TROs. *See, e.g., Zaragoza Mosqueda v. Noem,* No. 5:25-CV-02304-CAS-BFM, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025)*; Benitez v. Noem,* 5:25-cv-2190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Ceja Gonzalez v. Noem*, 5:25-cv-2054-ODW-BFM (C.D. Cal. Aug. 13, 2025); *Arrazola-Gonzalez v. Noem,* No. 5:25-cv-01789-ODW-DFM, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); and *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025).The Court agrees with these opinions, and in particular, adopts the reasoning of Judge Snyder in *Zaragoza Mosqueda v. Noem,* No. 5:25-CV-02304-CAS-BFM, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025) and Judge Klausner in *Benitez v. Noem,* 5:25-cv-2190-RGK-AS (C.D. Cal. Aug. 26, 2025).

Specifically, for the reasons stated in those opinions, the Court holds:

(1) 8 U.S.C. § 1252(b)(9) and § 1252(g) do not present a jurisdictional bar. *See Jennings v. Rodriguez*, 583 U.S. 281, 292-95 (2018);

(2) Petitioner is likely to succeed on the merits of his claim that his ongoing detention under 8 U.S.C. § 1225(b)(2) is unlawful because 8 U.S.C. § 1226(a) governs his detention;

(3) Petitioner is likely to suffer irreparable injury in the absence of a TRO because detention constitutes a loss of liberty that is irreparable;

(4) the balance of equities and public interest weigh in favor of a TRO because "neither equity nor the public's interest are furthered by allowing violations of federal law to continue," *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022); and

(5) Petitioner is not required to exhaust his administrative remedies.

IV.  **CONCLUSION**

For the foregoing reasons, Petitioner's Application is **GRANTED**. The Court **ORDERS** that:

- Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order;

- Respondents shall show cause, in writing, on or before **November 6, 2025** as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response on or before **November 10, 2025**. The Court sets a hearing on whether a preliminary injunction should issue on **November 12, 2025 at 8:00 a.m.**

IT IS SO ORDERED.